THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,

    Plaintiffs,

v.       No. 2:15-cv-236-J

AG ACCEPTANCE CORPORATION,

    Defendant.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A
<u>CLAIM AND MEMORANDUM IN SUPPORT THEREOF</u>

Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners ("<u>Plaintiffs</u>"), by and through their attorneys Keleher & McLeod, P.A. (Jeffrey Dahl and Justin Breen), for their Response to Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, state as follows:

**STANDARD OF REVIEW**

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). A complaint need only be plead with "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* (citing *Twombly*, 550 U.S. at 556.).

## POINTS AND AUTHORITIES

A. **Plaintiff's have pled sufficient facts to state a plausible claim for accounting (Plaintiffs' Count I).**

In Defendant's Motion to Dismiss, Defendant argues that Plaintiffs have not cited any law requiring an accounting. "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App. Corpus Christi 2001) (citation omitted). "An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App. El Paso 1993) (citing *Richardson v. First National Life Ins. Co.*, 419 S.W.2d 836, 838 (Tex. 1967)). Equitable accounting "is a flexible, equitable remedy that may apply in various scenarios according to the sound discretion of the trial court." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App. Corpus Christi 2001) (citing *See, e.g., Gifford v. Gabbard*, 305 S.W.2d 668, 672 (Tex. Civ. App.--El Paso 1957, no writ); *Southwest Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 810 (Tex. App.-San Antonio 1994)).

Plaintiffs' have plead facts, when taken as true, that plausibly allege the accounts presented are so complex that adequate relief may not be obtained at law. *See* Amended Petition, ¶¶ 33-41. For example, the facts alleged in paragraph 39 of the Amended Petition pleads that the accounts are too complex to show how there has been no application of funds from the sale of the Texas Property to the Texas Judgment or AAC Notes given the applicability of the primary fund doctrine pursuant to which the Texas Property became the primary fund for satisfaction of

the superior debts encumbering the property purchased by Defendant. The alleged facts, when taken as true, may be applied either to separate relief in equity for accounting or may be used as a remedy in other equitable claims in the Court's discretion. Regardless of how these facts are applied, the facts are pled with enough specificity to show that there is a plausible claim for relief and therefore Defendant's Motion to Dismiss must be denied as to this claim for relief.

      **B.**    **Unjust Enrichment is a doctrine applicable to many claims regardless of any labels in the Petition (Plaintiffs' Count II).**

Defendant argues that since unjust enrichment is not an independent cause of action in Texas, that there is no claim upon which relief may be granted. *See* Defendant's Motion to Dismiss, 5-6. Although unjust enrichment may not be an independent claim under Texas law, the principles of unjust enrichment still exist. *See Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.--Dallas 2006, no pet. hist.) ("Unjust enrichment ... characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay.") Unjust enrichment "applies the principles of restitution to disputes where there is no actual contract, based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution." *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 831-32 (Tex. App. 2006, pet. granted), rev'd on other grounds, 240 S.W.3d 869 (Tex. 2007).

When discussing whether claims such as the unjust enrichment claim in this case should be dismissed, Texas courts have stated that "the facts involved and the relief requested are determinative as opposed to the label by which the claim is called." *Tri-State Chems. v. W. Organics*, 83 S.W.3d 189, 194 (Tex. App. Amarillo 2002)(citing *McNair v. Cedar Park*, 993 F.2d 1217, 1220 (5th Cir. 1993)). "Simply put, the substance of what is pled controls, not the label or name appended to the claim." *Id*.

In this case, the facts involved and the relief requested all indicate an equitable claim, regardless of whether it is labeled a claim for unjust enrichment or money had and received. Plaintiff has plead several facts showing that AAC received a substantial sum of money from the sale of property in which they only paid $20,000 due to the existing and superior liens thereon. *See* Amended Petition, ¶¶ 36 – 43, 51, and 54-55. These facts also show that this money had and received by Defendant should have been applied to existing liens on property owned by Plaintiffs and was not - thus unjustly enriching AAC at the expense of Plaintiffs. *See* Amended Petition, ¶¶56-58. These facts, when taken as true, establish that the Plaintiffs' claim for relief is not only plausible, but probable. Therefore, Defendant's Motion to Dismiss should be denied with respect to this claim.

### C. Claim for constructive trust (Plaintiffs' Count III).

Plaintiffs will dismiss their claim for constructive trust in Count III based on Texas law.

### D. Plaintiffs have stated a claim for declaratory relief (Plaintiffs' Count IV).

Defendant argues in part that "[t]he Court should decline to consider [Count IV] because the issues have already been addressed in the... New Mexico state court case and recent rulings make this issue moot." [Motion To Dismiss, page 5.] In the Motion To Dismiss, Defendant does not deny that its liens on the New Mexico Property are still in place. As noted by Defendant in footnote 3 of the Motion To Dismiss, the appeal in the New Mexico Foreclosure proceeding is still pending. The New Mexico Court of Appeals issued a Notice of Proposed Summary Disposition on September 8, 2015. [See Exhibit G to Motion To Dismiss.] Plaintiffs filed a memorandum in opposition to that proposed disposition on October 5, 2015. Plaintiffs also filed a Motion To Stay Proceedings in the appeal on October 6, 2015, seeking a stay pending further proceedings in this matter. As of the date of the filing of this Response, the New Mexico Court

of Appeals has not ruled on the memorandum in opposition to summary disposition nor the motion for stay. Furthermore, and as noted by Defendant, any confirmation of the foreclosure sale in New Mexico state court has been stayed pending the appeal. [Motion To Dismiss, footnote 3.]

Given the status of the appeal, the issue raised in Count IV has not ultimately been determined and there is still an actual controversy (a justiciable controversy) regarding the liens on the New Mexico property concerned in Count IV.

More to the point, this matter was removed to federal court by Defendant, and then transferred to this Court. There is thus no pending litigation concerning the request in Count IV aside from what is pending before this Court. The appeal of the New Mexico foreclosure may ultimately affect Defendant's interest in the New Mexico property. But the adjudication of Defendant's interest in that property is not currently pending before any state court. AAC is not a party to the New Mexico Foreclosure and is thus an omitted junior lien holder. As an omitted junior lien holder, the mortgagee (Rabo Agrifinance, Inc.) in the foreclosure may re-foreclosure on the junior lien (AAC's interest), in the trial court's discretion, or Defendant may ultimately disclaim any interest in that property. *See* the discussion about omitted junior lien holders in *W. Bank v. Fluid Assets Dev. Corp.*, 1991-NMSC-020, 111 N.M. 458, 806 P.2d 1048. But even the entry of an order approving the foreclosure sale in the New Mexico case would not render the request in Count IV moot, given that AAC is not a party to that proceeding.

In support of their claim for injunctive relief, Plaintiffs alleged that the AAC Notes have been satisfied; that an actual controversy exists as to the validity of AAC's mortgage and any judgment liens on the New Mexico Property; and that the New Mexico Court, in which this

matter was originally filed, has jurisdiction to determine the rights and status of the AAC Notes with respect to the encumbrances on the New Mexico property.

Given the Defendant's removal and transfer of this case to this Court, the request for declaratory relief is not an "end-run" around the requirements of the Anti-injunction act. The anti-injunction statute provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 USCS § 2283. Plaintiffs are not seeking any injunction in this matter. Relying on *Tex. Employers' Ins. Asso. v. Jackson*, 862 F.2d 491, 493 (5th Cir. 1988) ("*Jackson*"), Defendant argues that the request for declaratory relief is really just a request for an injunction disguised as a request for declaratory relief.

However, the facts in that case are distinguishable here where the only pending direct state law claim has been removed by Defendant to this Court. In *Jackson*, a plaintiff had filed a state court action against a defendant. The defendant then filed a separate complaint in federal court seeking an injunction against the prosecution of the state court action and a declaration that the claims in the state filed case were preempted by federal law. Id. at 493. Under those circumstances, the Fifth Circuit held "...the district court... lacked authority to issue the injunction by virtue of the Anti-Injunction Act, and that it and allied principles likewise prevented the declaratory relief sought and granted below." Id. at 494.

The Fifth Circuit follows the general rule that "'if an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction.'" Id. at 506. *Jackson* summarized the policy advanced in the opinion as follows (citing other authority): section 2283 prohibits declaratory relief when declaratory relief

is "...used to anticipate the <u>result of litigation pending in another forum</u>..." Id. (emphasis added.) *Jackson* further reflects the reasoning that "[t]he strong and consistently recognized national policy to avoid such needless conflict or friction between state and federal courts underlies and finds legislative expression in Section 2283. . ." Id. (*internal citation omitted*.)

Considering that: 1) this action was removed on diversity grounds by Defendant [Doc. 1]; 2) that AAC is not a party to the New Mexico foreclosure; and 3) that the New Mexico Foreclosure is pending in the appeal stage regardless, the request to dismiss Count IV should be denied. There is no pending request in state court to invalidate the liens held on the New Mexico property. The instant petition was the request for such relief, and it has been removed and is currently before this Court. Thus, there is no pending proceeding to enjoin, nor would the effect of granting the declaratory relief act as an injunction on any pending state case.

WHEREFORE, Plaintiffs respectfully request that the Motion To Dismiss be denied.

              Respectfully submitted,

              KELEHER & MCLEOD, P.A.
              By: /s/ Justin B. Breen
              Filed Electronically on November 9, 2015
              Jeffrey A. Dahl
              Justin B. Breen
              Post Office Box AA
              Albuquerque, New Mexico  87103
              Telephone:  (505) 346-4646
              Facsimile:  (505) 346-1370
              E-Mail:  jad@keleher-law.com
              E-Mail:  jbb@keleher-law.com
              *Attorneys for Plaintiffs/Counter-defendants*

## **CERTIFICATE OF SERVICE**

THIS HEREBY CERTIFIES that on November 9, 2015, I electronically filed the foregoing document with the Clerk of the Court for the Northern District Of Texas by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Local Counsel for Plaintiffs:**
Philip Roland Russ
Law Offices of Philip R. Russ
2700 S. Western St., Suite 1200
Amarillo, Texas  79109
Telephone:  (806) 358-9293
Facsimile:  (806) 358-9296
E-Mail:  PhilipRRuss@RussLawFirm.com

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Capital of Texas Hwy., C-300
Austin, Texas  78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129
E-Mail:  BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas  79101
Telephone:  (806) 468-3200
Facsimile:  (806) 376-4509
E-Mail:  TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

/s/ Justin B. Breen
Justin B. Breen