IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, TERRA XXI, LTD., ROBERT WAYNE VEIGEL, ELLA MARIE WILLIAMS VEIGEL, VEIGEL FARMS, INC., VEIGEL CATTLE COMPANY, and VEIGEL FARM PARTNERS, | § § § § § § | |
| PLAINTIFFS, | § § | CIVIL ACTION CAUSE NUMBER 2:15-CV-236-J |
| vs. | § § | |
| AG ACCEPTANCE CORPORATION, | § § § | |
| DEFENDANT. | § | |

## ORDER

Before the Court is the Plaintiffs' counsels' motion, filed February 5, 2016, for permission to withdraw as counsel of record for all of the Plaintiffs. This motion does not state Defendant's position regarding this motion. This motion states that, to the best of movants' knowledge, Plaintiffs have not obtained replacement counsel. The record does not reflect that any of the named Plaintiffs are a licensed attorney authorized to appear in this federal court, or to represent other persons. The motion states that the "contact information for the Plaintiffs is: c/o Steve Veigel."

Defendant is to promptly file a response to this motion.

Steve Veigel can not represent any of the entities or natural persons listed in this case as a plaintiff unless he is a licensed attorney. Some of the named plaintiffs herein are entities who can only sue and defend via a licensed attorney. *Pro se* parties cannot sign and file an answer or other appearance in their representative capacity of officers or directors of defendant corporations or partnerships, even if they are the sole shareholders and its president or general managers. A corporation or any other legal form of limited liability entity can not appear *pro se*. The clear rule

is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982). *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982). Thus, an individual defendant can appear *pro se* only on his or her own behalf and not on the behalf of a defendant corporation or limited liability corporation (Ltd. or LLC) or any natural person, even if that appearance is only to execute and agreed motion for dismissal or other relief.

Accordingly, Plaintiffs are given twenty-one (21) days from the date of this Order to employ licensed counsel, and that corporate counsel is required to file an entry of appearance and/or a motion for substitution of counsel within twenty-one (21) days of the date of the entry of this Order. After the appearance of new counsel, the Court will further rule upon the relief requested in this motion.

It is SO ORDERED.

Signed this the ____8____ day of February, 2016.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE