THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; § | | |
| ROBERT WAYNE VEIGEL; § | | |
| ELLA MARIE WILLIAMS VEIGEL; § | | |
| VEIGEL FARMS, INC.; § | | |
| VEIGEL CATTLE COMPANY; and § | | |
| VEIGEL FARM PARTNERS, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | No. 2:15-cv-236-J |
| § | | Judge Robinson |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| Defendant. § | | |

## ROBERT WAYNE AND ELLA MARIE VEIGEL'S RESPONSE TO MOTION TO WITHDRDAW

TO THE HONORABLE JUDGE:

COME NOW, Plaintiffs Robert Wayne and Ella Marie Veigel, on a limited *pro se* basis, and would show the Court as follows:

Plaintiffs' counsel of record, Keleher & McLeod, P.A. (Jeffery Dahl and Justin Breen) and the Law Office of Philip Roland Russ (Philip Russ) (together "Plaintiffs' Attorneys") have filed a Motion to Withdraw As Counsel (Dkt. #53) citing unspecified "irreconcilable differences" to such an extent that the Plaintiffs' Attorneys can no longer serve as Plaintiffs' counsel.

Plaintiffs Robert Wayne and Ella Marie Veigel (together "Movants") oppose the Motion to Withdraw and have made a *pro se* request of the Court to consent and allow Movants to file a Motion for In Camera Review of Protected Attorney – Client

Documents as Movants (and other Plaintiffs) have been unable to retain new counsel as ordered by the Court (Dkt. #58) despite diligent efforts.

Although the Plaintiffs have had differences of opinion with Plaintiffs' Attorneys, Plaintiffs have always deferred to Plaintiffs' Attorneys' professional advise.  As such, there are no "irreconcilable differences" between Plaintiffs and Plaintiffs' Attorneys or is there any other valid justification for Plaintiffs' Attorneys to be allowed to abandon and prejudice their clients particularly at this late stage of the litigation and Plaintiffs' significant investment of time, effort, and scarce financial resources.

Furthermore, the Motion to Withdraw does not comply with applicable rules of processional conduct and local rules of the Court.  As stated in *American Resource Technologies v. Oden* (Memoradum Opinion and Order Dkt. #61, N.D. TX December 8, 2014):

> … [A]ttorneys may not withdraw as counsel of record until certain requirements are satisfied. Ultimately, the question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court. . . ." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)(citation and quotation marks omitted).
>
> The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.* In deciding whether good cause exists, the Court references Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct, which has been adopted in this District through Local Rule 83.8(e). *See White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010). This rule provides "six specific situations in which a lawyer has good cause to voluntarily withdraw"[2] and "a seventh, catch-all provision that allows an attorney to withdraw where 'other good cause for withdrawal exists.'" *Id.* (citing TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(1)-(7)).
>
> Even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634

F.2d 880, 882 (5th Cir.1981)). Thus, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See id.*; *White*, 2010 WL 2473833, at *2-3. Chief among these factors are "undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip., Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

Third and finally, a withdrawing attorney in this District must also comply with Local Rule 83.12. *See Denton*, 2013 WL 5477155, at *1. Where, as here, "the identity of the succeeding attorney is not known," Local Rule 83.12 mandates that "the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) 'either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature.'" *Id.* (quoting N.D. TEX. L. CIV. R. 83.12(a)) (brackets in original). …

… Such vague and conclusory assertions are not enough to satisfy Movants' burden. *See, e.g.*, *White*, 2010 WL 2473833, at *3 ("The court has not uncovered a single case in which counsel was permitted to withdraw over his client's objection on the strength of nothing more than a conclusory, unsworn, single-sentence assertion.").

The Motion to Withdraw does not show any good cause for withdraw particularly at this late prejudicial stage in the proceedings after significant investment of time, effort, and scarce financial resources by the Plaintiffs and where Plaintiffs have always deferred to Plaintiffs' Attorneys advise in all disagreements. The Motion to Withdraw does not and cannot show 1) that withdraw can be accomplished without material adverse effect on the interest of the clients; 2) a client persists in any course of action involving the lawyer's services that the lawyer reasonable believes to be criminal or fraudulent; 3) clients have used the lawyers' services to perpetuate a crime or fraud; 4) clients have insisted upon pursuing an objective that the lawyer considers repugnant or imprudent or which the lawyer has fundamental disagreement; 5) that the clients has substantially

failed any obligation to the lawyers; 6) continued representation would pose an unreasonable financial burden or made unreasonably difficult by the client; or 7) that there has been a complete breakdown in communications

Further, the Motion to Withdraw 1) does not specify the reasons for withdraw other than unspecified "irreconcilable differences" which Movants dispute; 2) does not set forth the clients' names, addresses, and telephone numbers; 3) does not state specifically why, after due diligence the attorney was unable to obtain the clients' signature.

Therefore, Movants request that the Court deny the Motion to Withdraw or otherwise conduct an *in camera* review of the documents provided by the Appendix to Movants' motion for an *in camera* review in support of Movants' opposition to the Motion to Withdraw in such a manner that honors and protects Movants' privileged attorney – client information to ensure that such privilege cannot be deemed waived by the Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court deny the Motion to Withdraw, and for such and further relief that may be awarded at law or in equity.

Respectfully submitted,

_____
Robert Wayne Veigel, *pro se*
105 Quince St.
Hereford, Texas 79045

_____
Ella Marie Veigel, *pro se*
105 Quince St.
Hereford, Texas 79045

e-mail: RWVeig@aol.com
mobile: (806) 231-1008

EMVeig@aol.com
mobile: (806) 335-0307

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on March 23 2016, a copy of this Motion was e-mailed to the following:

**Lead Counsel for Plaintiffs:**
Justin Breen and Jeff Dahl
Keleher & McLeod, P.A.
Post Office Box AA
Albuquerque, New Mexico
Telephone: (505) 346-4646
Facsimile: (505) 346-1370
E-Mail: JBB@Keleher-Law.com
E-Mail: JAD@Keleher-Law.com

**Local Counsel for Plaintiffs:**
Philip Roland Russ
Law Offices of Philip R. Russ
2700 S. Western St., Suite 1200
Amarillo, Texas 79109
Telephone: (806) 358-9293
Facsimile: (806) 358-9296
E-Mail: PhilipRRuss@RussLawFirm.com

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Capital of Texas Hwy., C-300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
E-Mail: BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
Telephone: (806) 468-3200
Facsimile: (806) 376-4509
E-Mail: TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

 _____
 Robert Wayne Veigel, *pro se*

<u>**Robert Wayne and Ella Marie Veigel**</u>
105 Quince St.
Hereford, Texas  79045

March 23, 2016

The Clerk for the
United States District Court
Northern District of Texas
205 E. Fifth Street, Unit 13240
Amarillo, Texas  79101



Re: Cause No. 2:15-cv-236-J; Terra Partners, et al. v. AG Acceptance Corporation In the United States District Court, Northern District of Texas, Amarillo Division

Dear Clerk:

Pursuant to the Court's order of March 18, 2016 (Dkt. #62) please file the enclosed Robert Wayne and Ella Marie Veigel's Response to Motion to Withdraw.

Pursuant to the Court's order of March 21, 2016 (Dkt. #64) please file the enclosed Robert Wayne and Ella Marie Veigel's Motion For *In Camera* Review Of Protected Attorney-Client Documents.  I have previously submitted the proposed Appendix to this motion containing privileged/protected attorney-client documents to Judge Robinson by a letter dated February 29, 2016.  If I correctly understand the Court's order, I am not submitting the Appendix for public filing unless further expressly ordered so as to not waive the attorney-client privilege.

                                                  _____
                                                  Robert Wayne Veigel/*pro se*
                                                  e-mail: RWVeig@aol.com
                                                  cell: (806) 231-1008

Enclosures::
Robert Wayne and Ella Marie Veigel's Response to Motion to Withdraw
Robert Wayne and Ella Marie Veigel's Motion for In Camera Review

Bob Weigel
105 Quince
Hereford, Tex 79045



RECEIVED
MAR 24 2016
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The Clerk for the
United States District Court
Northern District of Texas
205 E. Fifth Street, Unit 13240
Amarillo, Texas 79101




U.S. POSTAGE PAID
HEREFORD, TX
79045
MAR 23, 16
AMOUNT
$1.42
R2305E125094-08

