THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; <br> ROBERT WAYNE VEIGEL; <br> ELLA MARIE WILLIAMS VEIGEL; <br> VEIGEL FARMS, INC.; <br> VEIGEL CATTLE COMPANY; and <br> VEIGEL FARM PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> AG ACCEPTANCE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § § § | No. 2:15-cv-236-J <br> Judge Robinson |

### BRIEF IN SUPPORT OF RESPONSE TO AG ACCEPTANCE'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, by and through their counsel, Keleher & McLeod, P.A. ("Plaintiffs") hereby provide their Brief In Support of Response To Defendant's Motion For Summary Judgment[1] [Doc. 55] ("Motion") and Ag Acceptances' Brief in Support of Its Motion For Summary Judgment ("Brief") [Doc. 56] in which Ag Acceptance, in part, expressly renews its arguments made in Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ("MTD"). [Doc. 39]. Plaintiffs also provide an Appendix containing the exhibits referenced herein, which is filed concurrently herewith.

*I.  Response to AAC's Initial Statement*

Defendant Ag Acceptance Corporation's ("AAC") discussion regarding litigation history is not relevant. It serves only to remind the Court and the Plaintiffs of the Injunction (as defined in the Brief) entered by the Fifth Circuit which is not legally relevant in this case. On December 11,

---

[1] This brief in response is timely pursuant to the Court's Order Granting Request For Leave To File Out Of Time, entered on March 23, 2016. [Doc. 65]

2014, after this matter was removed to federal court by AAC, Plaintiffs' sought approval from this Court to proceed in this matter. [Doc. 20-1, the request, and Doc. 23, summarizing Plaintiffs' efforts to comply with the Injunction and the Court's response to those efforts.] Plaintiffs have continued to comply with the Injunction. AAC's introductory discussion is merely a distraction, particularly where Plaintiff's claims in this case did not arise until November 2012 - years after the transactions at issue in the Injunction.

Further, Plaintiffs are not challenging AAC's right of title and ownership of the Texas Property or any prior judgment of this Court in this case. Rather, Plaintiffs are merely seeking an accounting of proceeds received by AAC from the sale of the Texas Property – which AAC acquired subject to superior secured debts held by its affiliate.

*II. Response to Purported Undisputed Material Facts*

AAC's Motion is precluded by disputed material facts including whether AAC is the Plaintiffs' creditor at least as of November 2012 when AAC sold the Texas Property free and clear of superior debts and collected funds previously held in the registry of the 222nd District Court in Deaf Smith County, Texas.

AAC's Motion is predicated in part upon an argument that there is not a debtor-creditor relationship necessary to support Plaintiffs' claims. AAC claims, in its asserted undisputed material facts, not to have been a creditor of Plaintiffs since sometime in October 2003 based on findings made by this Court in *Rabo Agrifinance, Inc. v. Veigel Farm Partners, et al.,* No. 2-05-CV-243, 2008 WL 341425 *3 (N.D.Tex. Feb. 7, 2008). [Brief page 4 fn 4]. As such, AAC asserts that there is no requisite debtor-creditor relationship between Plaintiffs and AAC. However, that argument is barred by prior judgments and judgment liens of this Court, the 222nd District Court in Deaf Smith County Texas, and the Fourth and Tenth Judicial District Courts in

New Mexico and other liens of record clearly showing AAC remains a creditor of record of Plaintiffs.

Although this Court ruled in *Rabo Agrifinance, Inc. v. Veigel Farm Partners, et al.,* No. 2-05-cv-243, 2008 WL 341425 *3 (N.D.Tex. Feb. 7, 2008) that AAC had reassigned all of its interest in four promissory notes [**Exhibit 1** of the Appendix] originally given to Ag Services of America, Inc. back to Ag Services of America, Inc. sometime in October 2003, AAC fails to mention that after October 2003, this Court nevertheless awarded judgments including attorney fees and costs to AAC in Cause No.s 2-06-cv-153 [**Exhibit 2** of the Appendix] and 2-06-cv-272. [**Exhibit 3** of the Appendix.]

This Court awarded AAC a judgment including $153,404.50 in attorney fees in *Rabo Agrifinance, Inc. and Ag Acceptance Corporation v. Terra XXI Ltd. et al.*, No. 2:06-cv-153, Doc. 86, (N.D.Tex. Jan. 15, 2008). AAC abstracted its judgment in Deaf Smith [**Exhibit 4** of the Appendix] and Burnet Counties [**Exhibit 5** of the Appendix] in Texas on February 19, 2008 and domesticated its judgment in Quay County, New Mexico in Case No. D-1010-CV-200800063 in the Tenth Judicial District Court on June 6, 2008 [**Exhibit 6** of the Appendix] and recorded on June 13, 2008 [**Exhibit 7** of the Appendix] and in Guadalupe County, New Mexico in Case No. D-424-CV-2008-36 in the Fourth Judicial District Court on June 6, 2008 [**Exhibit 8** of the Appendix] and recorded on June 13, 2008. [**Exhibit 9** of the Appendix.]

Although AAC subsequently recorded partial releases of Terra Partners only in Deaf Smith [**Exhibit 10** of the Appendix], and Burnet [**Exhibit 11** of the Appendix] counties and a partial release of the Texas Property in connection with AAC's sale of the Texas Property, [**Exhibit 12** of the Appendix] the balance of AAC's judgment liens remain of record reflecting that AAC remains a judgment creditor of Plaintiffs even if it has been adjudicated by this Court

3

that AAC reassigned the four promissory notes back to Ag Services of America, Inc. sometime in October 2003.

AAC also fails to mention that in addition to the four promissory notes at issue in Cause No.s 2-05-cv-243 and 2-06-cv-153, there was another promissory note dated November 1, 2002 [**Exhibit 13** of the Appendix] given to and held by AAC which filed suit to collect on April 24, 2007 and was awarded a default judgment for $256,214.28 plus costs and 18% interest on November 28, 2007 in Cause No.CI-2007K-192 in the 222nd District Court in Deaf Smith County, Texas [**Exhibit 14** of the Appendix] which AAC abstracted in Deaf Smith County on December 12, 2007. [**Exhibit 15** of the Appendix.] AAC recorded a partial release of the Texas Property in connection with AAC's sale of the Texas Property, [**Exhibit 16** of the Appendix] but the balance of AAC's judgment liens remain of record conclusively showing that AAC remains a judgment creditor of Plaintiffs despite AAC's assertion to the contrary.

Such judgment debts owed to AAC are also secured by mortgages with future indebtedness clauses held by AAC on the New Mexico property. See Exhibits A and B to Amended Petition. [Doc. 38-1 (**Exhibit 17** of the Appendix) and 38-2 (**Exhibit 18** of the Appendix).] AAC also admits that the mortgages were recorded. [Answer to Amended Petition, ¶ 22 and 23, Doc. 51.]

To date, Plaintiffs have not received from AAC any notice of release of these mortgages also securing such judgment debts nor does there appear to be any assignment of such mortgages or related original third lien deed of trust on the Texas Property of record necessary to indicate that the AAC is/was not a creditor of the Plaintiffs at the time of AAC's sale of the Texas Property. However, AAC did release its original third lien deed of trust [**Exhibit 19** of the Appendix] in conjunction with its sale of the Texas Property. [**Exhibit 20** of the Appendix.]

Plaintiffs' Amended Petition For Accounting, Claim For Unjust Enrichment, Imposition Of Constructive Trust, And Request For Declaratory Relief [Doc.38] ("Amended Petition") concerns the Texas Property, as defined in the Motion. However, Plaintiffs are not violating the Friemel Settlement (as defined in the Motion), dated November 6, 2008, because they are not challenging the foreclosure sale at which AAC purchased the Texas Property [**Exhibit 21** of the Appendix] nor are Plaintiffs challenging the Champion Sale (as defined in the Amended Petition). [ **Exhibits 22, 23, and 24** of the Appendix.]

Rather, Plaintiffs are challenging, in equity, whether account should be made to them by AAC for: 1) the funds subsequently paid to and received by AAC from AAC's November 2012 sale of the Texas Property for an amount believed to have been sufficient to satisfy all debts in full and clear all liens [**Exhibits 12, 16, 25, 26, 27, and 28** of the Appendix] held by Rabo Agrifinance, Inc. ("Rabo"), an affiliate of AAC [Doc. 38-5 and 38-6.] and 2) for funds adjudicated to be AAC's collateral on the judgment debts which were subsequently paid AAC from the registry of the 222nd District Court.[ **Exhibit 29** of the Appendix.]

Plaintiffs filed this matter after the Champion Sale on November 15, 2012 [Doc. 38-4] because the cause of action in the Amended Petition did not occur until that sale. At the time of the Friemel Settlement, the Champion Sale had not even occurred and would not occur for four years. Furthermore, the Friemel Settlement "does not preclude Terra Partners or any Veigel Entity from pursuing any issues in…[l]itigation, including crossclaims, in New Mexico related to the foreclosure of the New Mexico property." [Doc. 35-1 filed 10/01/15, ¶ 5(e).]

This case was originally filed in New Mexico's Tenth Judicial District State Court on November 14, 2014. [Doc. 2.] The petition was filed as a result of Rabo's pursuit of a foreclosure proceeding in New Mexico's Tenth Judicial District Court. As reflected in Exhibit C

to the Amended Petition, AAC and Rabo represented to the U.S. Department of Agriculture that proceeds from the sale of the Texas Property would be used to satisfy obligations owed by Plaintiffs to Rabo and AAC, including the obligation included in the New Mexico foreclosure. [Amended Petition, ¶ 17, 18, 37, and 38; Ex. C, Doc.38-3; Answer to Amended Petition (Doc. 51), ¶ 32.]

That is consistent with representations AAC and its parent made to their creditor Rabobank in 2003 [**Exhibit 30** of the Appendix] and subsequently to the 222nd District Court. [ **Exhibit 31** at page 23 lines 17 – 22; page 25 lines 12 – 25; and page 49 lines 8 – 24 of the Appendix.]

Though AAC and Rabo released all their liens on the Texas Property [Exhibits 12, 16, 20, 25, 26, 27, and 28 of the Appendix] in connection with the Champion Sale [Doc. 51, ¶ 34 and 35], none of the proceeds from the Champion Sale paid to and received by the AAC were ever credited or applied to the Plaintiff's obligations secured by AAC's and Rabo's deeds of trust and judgment liens on the Texas Property. Similarly, none of the registry funds paid to and received by AAC were ever credited or applied to Plaintiff's obligations. As a result, Plaintiffs seek an accounting from AAC in this matter which AAC refuses to provide.

Argument

*A. The Amended Petition is not a breach of the Friemel Settlement and, in fact, is specifically excluded from the Friemel Settlement.*

The filing of the Amended Petition does not violate the Friemel Settlement. Plaintiffs do not dispute that they agreed not to challenge AAC's "right of title, ownership, [or] possession" of the property at issue, and they are not doing so in this matter. Nowhere in the Amended Petition do the Plaintiffs challenge AAC's rights in and/or to the Texas property. Rather, they are properly requesting an accounting of the funds subsequently paid to and received by AAC resulting from the sale of the Texas Property, which was acquired by AAC for just $20,000 subject to liens

6

securing obligations owed to AAC and Rabo. When AAC sold the Texas Property free and clear of such liens, there were no funds applied or credit given to any of Plaintiffs' obligations owed to AAC or Rabo despite the release of such liens.

The Amended Petition is related to the New Mexico foreclosure, because it concerns application of funds that should have been used from the Champion Sale to satisfy the obligation at issue in the New Mexico foreclosure. The causes of actions in the Amended Petition are specifically excluded from the Friemel Settlement in Section 5(e). The Motion, as it pertains to AAC's counterclaim, should be denied as a matter of law.

B. *The accounting claim does not fail.*

AAC concedes that an accounting is proper if a debtor-creditor relationship exists. *See* MTD [Doc. 39] page 3 and Brief [Doc. 56] page 14. As addressed above and shown by Plaintiff's summary judgment evidence attached, there is at least a question of material fact precluding summary judgment as to whether a debtor-creditor relationship exists between Plaintiffs and AAC.

Further, "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App. Corpus Christi 2001) (citation omitted) and *Watson v. CitiMortgage, Inc.*, 814 F. Supp.2d 726, 737 (E.D.Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D.Tex. June 7, 2011)). "An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App. El Paso 1993) (citing *Richardson v. First National Life Ins. Co.*, 419 S.W.2d 836, 838 (Tex. 1967)). Equitable accounting "is a flexible, equitable remedy that may apply in various scenarios according to the sound discretion of the

trial court." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App. Corpus Christi 2001) (citing See, e.g., *Gifford v. Gabbard*, 305 S.W.2d 668, 672 (Tex. Civ. App.--El Paso 1957, no writ); *Southwest Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 810 (Tex. App.-San Antonio 1994)).

Plaintiffs have plead facts, when taken as true, that plausibly allege the accounts presented are so complex that adequate relief may not be obtained at law. *See* Doc. 38, Amended Petition, ¶¶ 33-41. For example, the facts alleged in paragraph 39 of the Amended Petition pleads that the accounts are too complex to show how there has been no application of funds from the sale of the Texas Property to the Texas Judgment or AAC Notes given the applicability of the primary fund doctrine pursuant to which the Texas Property became the primary fund for satisfaction of the superior debts encumbering the property purchased by AAC. Under such equitable principles of suretyship, Plaintiffs as "sureties" also have rights against AAC, as a grantee of Terra XXI Ltd.'s equity of redemption in the Texas Property.

Equity requires that the Texas Property first be exhausted in payment of Plaintiffs' debts secured by such property. *See* Whitman and Nelson, *Real Estate Finance Law*, 5th ed. §5.3 page 273-275. The alleged facts, when taken as true, may be applied either to separate relief in equity for accounting or may be used as a remedy in other equitable claims in the Court's discretion. Regardless of how these facts are applied, the facts are pled with enough specificity to demonstrate that Plaintiffs are entitled to an accounting concerning application of the Champion Sale proceeds and the registry funds disbursed to AAC the day after the Champion Sale.

Additionally, an accounting is required because Plaintiff has not been able to obtain adequate legal relief through the use of standard discovery procedures as AAC has opposed

8

Plaintiffs' attempts for standard discovery and has threatened sanctions for even making such requests.

C. *The Unjust Enrichment Claim does not fail*

Although unjust enrichment may not be an independent claim under Texas law, the principles of unjust enrichment still exist. See *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.--Dallas 2006, no pet. hist.) ("Unjust enrichment ... characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay.") Unjust enrichment "applies the principles of restitution to disputes where there is no actual contract, based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution." *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 831-32 (Tex. App. 2006, pet. granted), rev'd on other grounds, 240 S.W.3d 869 (Tex. 2007).

When discussing claims such as the unjust enrichment claim in this case, Texas courts have stated that "the facts involved and the relief requested are determinative as opposed to the label by which the claim is called." *Tri-State Chems. v. W. Organics*, 83 S.W.3d 189, 194 (Tex. App. Amarillo 2002)(citing *McNair v. Cedar Park*, 993 F.2d 1217, 1220 (5th Cir. 1993)). "Simply put, the substance of what is pled controls, not the label or name appended to the claim." Id.

In this case, the facts involved and the relief requested all indicate an equitable claim, regardless of whether it is labeled a claim for unjust enrichment or money had and received. Plaintiff has plead several facts showing that AAC received a substantial sum of money from the sale of property in which they only paid $20,000 due to the existing and superior liens thereon. See Amended Petition, ¶¶ 36 – 43, 51, and 54-55. These facts also show that this money had and received by AAC should have been applied to existing liens on property owned by Plaintiffs and

9

was not - thus unjustly enriching AAC at the expense of Plaintiffs. *See* Amended Petition, ¶¶56-58. These facts demonstrate that Plaintiffs are entitled to relief on their claim of unjust enrichment.

D. *Constructive Trust Claim*

Plaintiffs have agreed to dismiss this claim.

E. *Request for a declaratory judgment*

This claim may no longer be viable because of the rulings in Rabo's New Mexico State Court foreclosure proceeding. The foreclosure sale has been approved on most, but not all of the property; however, motions for reconsideration, filed by Plaintiffs without counsel, are pending and will likely result in another appeal.

F. *The loan contracts do not bar the claims*

AAC's argument on this point is not relevant. Plaintiffs seek an accounting from AAC of the funds received from the Champion Sale and do not seek recourse from Rabo in this matter. Furthermore, the relief requested by Plaintiffs is equitable in nature, based on the primary fund doctrine. That doctrine generally requires that when land is purchased subject to a mortgage, the land becomes the primary fund for the payment of the mortgage debt. *Wright v. Anderson*, 62 S.D. 444, 449-450 (S.D. 1934). Here, AAC purchased the Texas Property subject to superior liens and the Texas Property should have been looked to first to satisfy those liens.

G. *Res Judicata does not bar the claims*

Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996).

Plaintiffs, separately and not with the assistance of the undersigned, have challenged rulings in the New Mexico State Court litigation. The undersigned were permitted to withdraw as counsel to Plaintiffs in the pending New Mexico State Court litigation. At the present time, it is unclear whether those state court proceedings will be subject to further appeal and/or additional proceedings in the State District Court. So, the first element of res judicata cannot be established at this time based on the status of the New Mexico litigation. Furthermore, Rabo is the plaintiff in the New Mexico foreclosure and AAC is not a party to that proceeding. Nor is Rabo a party to this proceeding. Plaintiffs did raise the primary fund doctrine against Rabo as a bar to the foreclosure action in New Mexico state court. However, Plaintiff's specific equitable claims, for an accounting and unjust enrichment, have never been ruled on in a final judgment on the merits against AAC.

WHEREFORE, Plaintiffs request that the Motion be denied.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/ Justin B. Breen
    Filed Electronically on June 29, 2016
    Jeffrey A. Dahl – NM SBN 0622
    Justin B. Breen – NM SBN 28108
    Post Office Box AA
    Albuquerque, New Mexico 87103
    Telephone: (505) 346-4646
    Facsimile: (505) 346-1370
    E-Mail: jad@keleher-law.com
    E-Mail: jbb@keleher-law.com

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on June 29, 2016, I electronically filed the foregoing document with the Clerk of the Court for the Northern District Of Texas by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Local Counsel for Plaintiffs:**
Philip Roland Russ
Law Offices of Philip R. Russ
2700 S. Western St., Suite 1200
Amarillo, Texas  79109
Telephone:  (806) 358-9293
Facsimile:  (806) 358-9296
E-Mail:  PhilipRRuss@RussLawFirm.com

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Captial of Texas Hwy., C-300
Austin, Texas  78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129
E-Mail:  BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas  79101
Telephone:  (806) 468-3200
Facsimile:  (806) 376-4509
E-Mail:  TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

/s/ Justin B. Breen
Justin B. Breen

4818-1818-8596, v. 2